

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2013

# Kinbook v. Microsoft Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-1488

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Kinbook v. Microsoft Corp" (2013). *2013 Decisions.* Paper 1408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1488
_____

KINBOOK, LLC,
          Appellant

v.

MICROSOFT CORPORATION
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-04828)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: January 10, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

     This is a reverse trademark infringement case in which Kinbook, LLC

("Kinbook") alleges that Microsoft Corporation's ("Microsoft") trademarks "Kinect"

(particularly when used in conjunction with its "XBox 360" mark) and "KIN" are

confusingly similar to Kinbook's registered "Kinbox" and "Munchkinbox" trademarks.

After considering the non-exhaustive list of factors enumerated in *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460 (3d Cir. 1983), as applied in reverse confusion cases, *see Freedom Card, Inc. v. J.P. Morgan Chase & Co.*, 432 F.3d 463, 472 (3d Cir. 2005), the District Court concluded that no reasonable jury could find a likelihood of confusion between the parties' marks exists and therefore granted summary judgment in favor of Microsoft. Kinbook timely appealed. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We have carefully considered the appellate briefs of the parties and the record, including the detailed thirty-page memorandum of the District Court. We see no need to expand upon the District Court's thorough analysis and surely cannot improve upon its sound reasoning. Accordingly, for substantially the same reasons set forth by the District Court, we will affirm its judgment in favor of Microsoft.